IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYED KARIMUSHAN, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL CHERTOFF, ET AL. | : | NO.  07-2995 |

**O R D E R - M E M O R A N D U M**

**AND NOW**, this 17th day of December, 2007, upon consideration of Defendants' Motion to Dismiss (Docket No. 10), and Plaintiffs' response thereto, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

According to the Complaint, Plaintiff Syed Karimushan is a citizen of Bangladesh, but a permanent resident of the United States. (Complaint ¶ 11.)  His spouse, Plaintiff Darla Karimushan is a United States citizen. (Id. ¶ 12).  On or about June 1, 2006, Mr. Karimushan filed an application for naturalization with United States Citizenship and Immigration Services ("CIS").  (Id. ¶ 25.) Pursuant to the Immigration and Nationality Act and related federal regulations, when an individual applies for naturalization, CIS initiates a background investigation of the applicant, which includes a criminal background check that is conducted by the Federal Bureau of Investigation ("FBI").  See 8 U.S.C. § 1446(a); 8 C.F.R. §§ 335.1, 335.2(b).  Upon completion of that investigation, the applicant is scheduled for an examination by a naturalization officer, who has the discretion to grant or deny the application. 8 U.S.C. § 1446(b), (d); 8 C.F.R. § 335.2(a), (c).  In Mr. Karimushan's case, the Complaint alleges that his naturalization application has been pending since June of 2006, and CIS has not yet adjudicated the application. (Complaint ¶ 28.)  In fact, according to the Complaint, the FBI has not yet issued the results of any criminal background or name check to CIS.  (Id. ¶ 32.)

Plaintiffs filed the instant action against the Department of Homeland Security, CIS and the FBI, asserting that Defendants have violated section 706(1) of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), and are subject to an order in mandamus, because they have unlawfully withheld and unreasonably delayed required agency action, i.e., adjudication of Mr. Karimushan's naturalization application. As such, the Karimushans assert that we have jurisdiction under both the mandamus statute, 28 U.S.C. § 1361, and the APA in conjunction with the federal question statute, 28 U.S.C. § 1331. The relief they seek is an order requiring the FBI to complete Mr. Karimushan's criminal background and/or name check and requiring CIS to adjudicate his naturalization application.

Defendants have moved to dismiss Plaintiffs' action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1] While they acknowledge our jurisdiction to compel agency action that is unlawfully withheld or unreasonably delayed, they argue that there is no action that can be characterized as such here, because no statute or regulation prescribes a time period in which they must act on naturalization applications prior to the scheduling of an interview.[2] They therefore contend that there is no jurisdictional basis on which we can order them to act more quickly on Mr.

---

[1] Defendants have also moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and offer a three-sentence argument to that effect. (See Defs. Br. at 10-11) Essentially, they assert that Plaintiffs have failed to state a claim upon which relief may be granted because Plaintiffs "cannot make out a claim of undue delay" under the six-part test set forth in Telecomms. Research & Action Center v. F.C.C., 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"). Id. at 79-80. However, as TRAC acknowledges, the six-part test is "hardly ironclad" and "suffers from vagueness." Id. at 80. Moreover, it requires a factual analysis that is simply inappropriate at this stage of the proceedings. Accordingly, we deny Defendants' motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

[2] In contrast, after the interview has taken place, the regulations provide that CIS shall render a decision on the application within 120 days in the absence of exceptional circumstances. See 8 C.F.R. § 335.3(a).

Karimushan's application. For the following reasons, we reject this argument and deny Defendants' motion to dismiss.

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may challenge the court's jurisdiction on either "factual" or "facial" grounds. Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002). Where, as here, a defendant contests the sufficiency of the allegations of jurisdiction in the complaint, the jurisdictional attack is facial and the court must accept as true the complaint's allegations. Id. The plaintiff bears the burden of showing that jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

Here, Plaintiffs assert jurisdiction under both the APA and the mandamus statute. Under the APA, an individual who has "suffer[ed] a legal wrong because of agency action . . ." may bring an action against the agency in federal court. 5 U.S.C. § 702. The APA defines "agency action" to include the failure to act, id. § 551(13), and provides that a court may issue an order requiring the agency to remedy that failure. See id. § 706(1). Specifically, § 706(1) provides that the court "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." Id. Such compulsion is only appropriate, however, when the "agency failed to take a *discrete* agency action that it is *required to take*." Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphases in original). In other words, "§ 706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing it *how* it shall act.'" Id. (emphases in original) (quoting Attorney General's Manual on the APA 108 (1947)). A court's jurisdiction under the mandamus statute is similarly limited. Like the APA, the mandamus statute authorizes courts to compel a federal agency "to perform a duty owed to the plaintiff." 28

3

U.S.C. § 361.  That duty must be "'a specific, plain ministerial act'" that is "'positively commanded and so plainly prescribed as to be free from doubt.'"  Harmon Cove Condo. Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3rd Cir. 1972)).  Notably, "[m]ost of the courts that have addressed the issue agree that, for purposes of compelling agency action that has been unreasonably delayed, the mandamus statute and the APA are co-extensive."  Al Sharawneh v. Gonzales, Civ. A. No. 07-683, 2007 WL 2684250, *3 (E.D. Pa. Sept. 10, 2007) (quoting Han Cao v. Upchurch, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007) (collecting cases)).  We will therefore address our jurisdiction under the two statutes together.

As stated above, Defendants argue that we have no jurisdiction to compel them to proceed more quickly on Mr. Karimushan's application, because they have no discrete legal obligation to adjudicate applications within any particular amount of time.  In support of this argument, they point to Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004), in which the Supreme Court clarified that "the only agency action that can be compelled under the APA is action legally *required*," id. at 63, and that "a delay cannot be unreasonable with respect to action that is not required."  Id. at 63 n.1.  Taking the position that no action is "required" on Mr. Karimushan's application at this time, because there is no time requirement for action on the application, Defendants maintain that there is no jurisdictional predicate for any compulsory action.  They further argue that, as a policy matter, it is ill-advised (1) to set an arbitrary deadline for the processing of applications where the statute provides none, (2) to rush the FBI in its completion of background checks, (3) to encourage applicants to initiate litigation to expedite the processing of their applications, or (4) to permit applicants who commence litigation to jump to the front of the application line, thereby delaying action on other applications.

As an initial matter, we do not lightly dispose of Defendants' policy arguments and may ultimately find them relevant to our merits resolution of Plaintiffs' claims, but we do not believe that they have a place in our jurisdictional analysis. The question before us at this time is merely the threshold question of whether we have jurisdiction to consider the merits of Plaintiffs' claims. Like the majority of other courts in this district that have considered this question, we find that we do. See Assadzadeh v. Mueller, Civ. A. No. 07-2676, 2007 WL 3252771 (E.D. Pa. October 31, 2007); Mocanu v. Mueller, Civ. A. No. 07-445, 2007 WL 2916192 (E.D. Pa. October 3, 2007); Shaat v. Klapakis, Civ. A. No. 06-5625, 2007 WL 2768859 (E.D. Pa. Sept. 21, 2007); Al Sharawneh, 2007 WL 2684250 (E.D. Pa. 2007); Elhouat v. Mueller, Civ. A. No. 07-632, 2007 WL 2332488 (E.D. Pa. Aug. 9, 2007); Ajmal v. Mueller, Civ. A. No. 07-206, 2007 WL 2071873 (E.D. Pa. July 17, 2007). But see Ahmed v. Mueller, Civ. A. No. 07-0411, 2007 WL 2726250 (E.D. Pa. Sept. 14, 2007).

"Although there is no particular statutory deadline presently applicable to the processing of [a naturalization] application, the agency has no discretion over *whether* to render a decision on the application." Shaat, 2007 WL 2768859, *3. Indeed, the agency's regulations specifically state that the agency "*shall* conduct an investigation," and "*shall* grant the application if the applicant has complied with all requirements." 8 C.F.R. §§ 335.1, 335.3(a) (emphases added). Moreover, the APA requires agencies to act on matters presented to them within a "reasonable time." 5 U.S.C. § 555(b). In light of this authority, "'CIS simply does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely.'" Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)). Likewise, the FBI has a non-discretionary duty to complete its background checks in furtherance of naturalization petitions within a reasonable period of time. See Ajmal v. Mueller,

5

2007 WL 2071873, *2 (citing <u>Kaplan</u>, 481 F. Supp. 2d at 401). Accordingly, while we recognize that there is no discrete statutorily-prescribed deadline for the processing of naturalization petitions, we conclude that we have jurisdiction to decide whether CIS and the FBI have violated their duty to act on an application within a "reasonable time" or have otherwise unreasonably delayed adjudication of Mr. Karimushan's application. Defendants' motion to dismiss is therefore denied.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.